# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-1640V
UNPUBLISHED

| | |
|---|---|
| AZUSA NASH, As Parent and Legal Representative of her Minor Daughter, U.C.N., <br><br> Petitioner, <br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | Chief Special Master Corcoran <br><br> Filed: January 20, 2022 <br><br> Special Processing Unit (SPU); Joint Stipulation on Damages; Measles Mumps Rubella (MMR) Vaccine; Thrombocytopenic Purpura (ITP) |

*David Alexander Tierney*, Rawls Law Group (Richmond), Richmond, VA, for Petitioner.

*Colleen Clemons Hartley*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON JOINT STIPULATION[1]

On October 24, 2018, Azusa Nash filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that her minor daughter, U.C.N. suffered immune thrombocytopenic purpura ("ITP") as a result of her February 16, 2016 Measles Mumps Rubella ("MMR") vaccination. Stipulation, filed at January 18, 2022, ¶¶ 1-2; 4; *see also* Petition at 1. Petitioner further alleges the vaccine was administered within the United States, that U.C.N. suffered the residual effects of her injury for more than six months, and that there has been no prior award or settlement of a civil action on U.CN.'s behalf as a result of her injury. Stipulation at ¶¶ 3-5; *see* Petition at ¶¶ 13-15. "Respondent denies that U.C.N. sustained an ITP Table Injury; denies that any vaccine caused

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

U.C.N.'s alleged ITP, or any other injury; and denies that U.C.N.'s current condition is a sequelae of a vaccine-related injury." Stipulation at ¶ 6.

Nevertheless, on January 18, 2022, the parties filed the attached joint stipulation, stating that a decision should be entered awarding compensation. I find the stipulation reasonable and adopt it as my decision awarding damages, on the terms set forth therein.

Pursuant to the terms stated in the attached Stipulation, **I award** the following compensation:

**A lump sum of $30,000.00 in the form of a check payable to Petitioner as guardian/conservator of U.C.N.'s estate**. Stipulation at ¶ 8. This amount represents compensation for all items of damages that would be available under Section 15(a). *Id*.

I approve the requested amount for Petitioner's compensation. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

                                         <u>s/Brian H. Corcoran</u>
                                         Brian H. Corcoran
                                         Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

|  |  |
|---|---|
| AZUSA NASH, as Parent and Legal Representative of her Minor Daughter, U.C.N., <br><br> Petitioner, <br><br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | No. 18-1640V <br> Chief Special Master Corcoran <br> ECF |

## STIPULATION

The parties hereby stipulate to the following matters:

1. Azusa Nash, on behalf of U.C.N., a minor child, petitioner, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to -34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to U.C.N.'s receipt of the Measles, Mumps, and Rubella ("MMR") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. U.C.N. received the vaccine on or about February 16, 2016.[1]

3. The vaccinations were administered within the United States.

4. Petitioner alleges that U.C.N. suffered immune thrombocytopenia ("ITP") within the time period set forth in the Table following the MMR vaccine, or in the alternative, that U.C.N.'s alleged ITP was caused by the vaccine. Petitioner further alleges that U.C.N. experienced the residual effects of this condition for more than six months.

---

[1] On the same date, U.C.N. also received the Hepatitis A, Varicella, and Prevnar-13 vaccinations.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on U.C.N.'s behalf as a result of her condition.

6. Respondent denies that U.C.N. sustained an ITP Table injury; denies that any vaccine caused U.C.N.'s alleged ITP, or any other injury; and denies that U.C.N.'s current condition is a sequelae of a vaccine-related injury.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of $30,000.00 in the form of a check payable to petitioner as guardian/conservator of U.C.N.'s estate, representing compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a). No payment shall be made until petitioner provides respondent with documentation establishing that she has been appointed as guardian/conservator of U.C.N.'s estate.

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and her attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies,

2

Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

11. Payment made pursuant to paragraph 9 and any amounts awarded pursuant to paragraph 10 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation will be used solely for U.C.N.'s benefit as contemplated by a strict construction of 42 U.S.C. §§ 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. §§ 300aa-15(g) and (h).

13. Petitioner represents that she presently is, or within 90 days of the date of judgment will become, duly authorized to serve as guardian/conservator of U.C.N.'s estate under the laws of the State of Florida. No payments pursuant to this Stipulation shall be made until petitioner provides the Secretary with documentation establishing her appointment as guardian/conservator of U.C.N.'s estate. If petitioner is not authorized by a court of competent jurisdiction to serve as guardian/conservator of U.C.N.'s estate at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as guardian/conservator of the estate of U.C.N.'s upon submission of written documentation of such appointment to the Secretary.

14. In return for the payments described in paragraphs 9 and 10, petitioner, in her individual capacity, and as legal representative of U.C.N., on behalf of herself, U.C.N., and U.C.N.'s heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and

3

Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of U.C.N. resulting from, or alleged to have resulted from, the vaccinations administered on or about February 16, 2016, as alleged by petitioner in a petition for vaccine compensation filed on or about October 24, 2018, in the United States Court of Federal Claims as petition No. 18-1640V.

15. If U.C.N. should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

16. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

17. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 10 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

18. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the any vaccine caused U.C.N.'s alleged ITP injury, or any other injury or condition.

19. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns as legal representatives of U.C.N.

**END OF STIPULATION**

**PETITIONER:**

*[signature]*

AZUSA NASH, As Parent and Legal
Representative of her Minor Daughter,
U.C.N.

**ATTORNEY OF RECORD FOR PETITIONER:**

*[signature]*

DAVID A. TIERNEY, ESQ.
Rawls Law Group
211 Rocketts Way
Suite 100
Richmond, VA 23231
Tel: (804) 622-0675

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

*[signature]*

HEATHER L. PEARLMAN
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

*Dale Mishler, DHSc, APRN, for*
CDR GEORGE REED GRIMES, MD, MPH
Director, Division of Injury
  Compensation Programs
Health Systems Bureau
Health Resources and Services
  Administration
U.S. Department of Health
  and Human Services
5600 Fishers Lane, 08N146B
Rockville, MD 20857

Dated: 01/18/2022

**ATTORNEY OF RECORD FOR RESPONDENT:**

*Colleen C Hartley*
*by Heather L Pearlman*

COLLEEN C. HARTLEY
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: 202-616-3644
Email: colleen.hartley@usdoj.gov

6